IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

2007 JAN -3 A 9:49

David Cooper 7743 )
_____ )
**Full name and prison number** )
**of plaintiff(s)** )
)
v. )    CIVIL ACTION NO. 2:07-CV-10-MHT
DELORES R. BOYD )    (To be supplied by Clerk of
u.s. Magistrate Judge )     U.S. District Court)
)
_____ )
)
_____ )
)
_____ )
**Name of person(s) who violated** )
**your constitutional rights.** )
**(List the names of all the** )
**persons.)** )

I.    PREVIOUS LAWSUITS
    A.    Have you begun other lawsuits in state or federal court
        dealing with the same or similar facts involved in this
        action?  YES (  )  NO ( ✓ )

    B.    Have you begun other lawsuits in state or federal court
        relating to your imprisonment?  YES (  )  NO ( ✓ )

    C.    If your answer to A or B is yes, describe each lawsuit
        in the space below.  (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.    Parties to this previous lawsuit:

            Plaintiff(s) _____ N/A _____

            _____

            Defendant(s) _____ N/A _____

            _____

        2.    Court (if federal court, name the district; if
            state court, name the county) ___ N/A _____

            _____

3. Docket number _____ N/A _____

4. Name of judge to whom case was assigned ___ N/A ___
_____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____
_____ N/A _____

6. Approximate date of filing lawsuit _ N/A _

7. Approximate date of disposition _ N/A _

II. PLACE OF PRESENT CONFINEMENT Montgomery County Detention Facility,

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED Montgomery County Detention Facility

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| NAME | ADDRESS |
|------|---------|
| 1. Magistrate JUDGE Delores R. Boyd, U.S. District Court P.O. Box 711, Montg, AL. 36101 | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |
| 6. | |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED 9-27-06
_____

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: The Seventh amendment right was Violated on 9-27-06 by Judge Boyd, by denying plaintiff the right to trial by jury Federal Rule of Procedure Rule 38 (A)(B)(C)(D) and Rule 39(A).

Including the 14 fourteenth amendment the denial of due process of law, and the denial of the equal protection of the law.

2

**STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND.** (State as best you can the time, place and manner and person involved.)

On 9-19-06, Plaintiff filed in District Court under penalty of perjury Case number 2:06-CV-418-MHT, which is before the honorable magistrate judge Delores R. Boyd, a motion for jury trial, and a motion for Status, paragraph (2) relief Sought requesting for an immediate jury trial, regarded as a demand for jury trial.

**GROUND TWO:** Violations the Fifth, Eight, Fourteenth amendment violations of U.S. Constitution as well as the Alabama Constitution.

**SUPPORTING FACTS:** Plaintiff, States that on 9-27-06, a motion for Status review which he initially file on Sept 22, 06, was granted See the Order on motion dated 9-27-06, 1 of 2 paragraph (4) four. Plaintiff, States again See another order on motion granted motion for Status dated also 9-27-06, See cause 2:06-CV-418-MHT for clear notice of this truth. On 11-6-06 Judge Boyd response

**GROUND THREE:** _____

_____

**SUPPORTING FACTS:** _____

_____

_____

_____

_____

_____

3

VI.   **STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU.
MAKE NO LEGAL ARGUMENT.   CITE NO CASES OR STATUTES.**

Plaintiff requests in the amount of (10) tens millions dollars, from the magistrate judge Delores R. Boyd, with interest and if in the event plaintiff die, whether the defendants here on casno. 2:06-cv-418-MHT let plaintiff dies because of his suit against them or whatever then all the total amount go's to Children First. 4120 Well St, montg, AL, and Brentwood children Home 1309 upper wetumpka Rd. montg, AL.

David Cooper 7743
_____
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on __12-26-06__ .
(Date)

David Cooper 7743
_____
Signature of plaintiff(s)

4

## CLAIM ONE SUPPORTING FACTS CONTINUE

Plaintiff, states that on 9-19-06, he filed in this District Court a motion for jury trial, which was regarded as being filed on Sept 22, 06, which was denied by magistrate judge Delores R. Boyd, on 9-27-06 response. please see District Court filing and answers on order of motion dated 9-27-06. plaintiff also wish to mention, the motion for status review 9-27-06, also relief sougheted paragraph two (a) requesting for an immediate jury trial, as on 9-27-06 order on motion as demand for trial by jury pursuant to 38 (B) was denied. see case No. 2:06-cv-418-MNT represented by judge Boyd. Plaintiff, further states that Rule 38 (a) clearly shows that right preserved, Clearly showing judge Boyd, violated plaintiff seventh amendment right including the denied of the due process cause, and the denial of the equal protection of the law, the Fourteenth amendment violation including the Alabama Constitution. plaintiff, also states that Rule 38 (b) (1) clearly shows plaintiff filed his motion appropriate by law including Section two.

Plaintiff, also states that the demand for jury trial Rule 39 (a) also was denied by judge Boyd, see again filed 9-27-06 first paragraph line two and three clearly stating it is untimely. please see copies of filing on records in this court motion for jury trial dated 9-19-06, and motion for status review filed also on 9-19-06, regarded as on Sept 22, 06.

Daniel Cooper 7743

Date 12-26-06.

## CLAIM TWO SUPPORTING FACTS CONTINUE

to some additional filing of mine, stating the same thing which was filed on 6-16-06, second paragraph 4-5, complaining about matters which have occurred daily, weekly, and or monthly please see the filing on 6-16-06 on file and again on file 11-6-06 second paragraph line (1)(2) again that any further daily, weekly, or monthly inquires. The plaintiff further states he has a constitution right, to complaint about those rights being violated, and from these two documents and the medical evidence and all exhibits clearly showing that not only DR. Nichols, and defendants has a dark shallow over them regarding plaintiff medical needs, but also Judge Boyd, have a dark shallow of evil over her to deliberately to delay plaintiff case for no just reason and the documentation clearly shows plaintiff needs a third heart surgery and he have prostrate Hypertrophy Cancer, as medical records clearly show on file, it is clear that Cancer will eat any human being up, plaintiff, also wish to reminder this honorable court initially, Judge Boyd, stated on 5-12-06, paragraph (3) this case will proceed as quickly as possible see 2:06-CV-418-MHT, again on 5-31-06 order on motion paragraph (9) proceed as quickly as possible, plaintiff, further states that according to Judge Boyd, behavior regarding plaintiff doing all he can to stay alive Judge Boyd, has violated plaintiff Fifth amendment right, nor be deprived of life, Judge Boyd, is placing plaintiff life in danger just like the defendants in case NO. 2:06-CV-418-MHT, including the eighth amendment by allowing plaintiff to continue to Suffer deliberately since Sept 27, 06 by delaying a determination in plaintiff status review, so far 90 days including the violations of the fourteenth amendment the denial of due process of law, and deprive plaintiff out of his life, and the denial of the equal protection of the law, including of the

Alabama Constitutions law concerning the above.

Date 12-26-06.

Daniel Cooper 7743

15-20-25 (a) responsible agency provides notice of release. I still wasn't release from anything. See exhibit - A-11, a lie on true charge see arrow. See exhibit - B-3, bottom of page court document out of colorado stating the statue on true Charge 2nd sexual assault penetration felony four, Exhibit - B-4, is a forge document by M.O. Hall, 413, See truth of charge again exhibit - B-3, See Exhibit - B-5, just to reinforce the truth, look at print out of colorado underlined true charge again, Exhibit - B-6, Second paragraph lined 5, 6 Shows true Charge. However, this Warrant was serve on cooper, assuming exhibit - A. Exhibit - B-7, underlined paragraph three copy of local arrest of 2005 which is not in the discovery documents, guest why, because plaintiff, was created in 2005 after getting his photo I.d. and was Charge with public intoxication at the montgomery greyhound bus Station attempting to leave like he plan, and not to stay here, very soon I will as request an investigation on judge McLemore, from the judicial inquiry commission of cleburne. Exhibit - B-8, shows my uncle statement that I was homeless line 3, both police officers are witness to that fact, Exhibit - c legislative finding and c-1, Clearly shows you can't lock up a Sex offender because he is homeless their is nothing mentioning this. See also Exhibit - C-2 and C-3, a letter to the District court about this situation and no response.


Paul Cooper 7743
Date 12-06-06

rights been violated by the defendant District attorney name unknown.

Alabama Constitution Article 1 section 6, 7, 10. no warrant shall issue to seize any persons without probable cause, section 16, no shall cruel and unusual punishment be inflicted. Section 14, denial of due process of law, violation of Alabama Constitution the denial of the equal protection of the law, also depriving me out of my life, liberty, also violating A.R.C.P. Rule 5 (b)(c) fail to automatically discharge plaintiff, by law, a total of 49 days without preliminary hearing regarding the 21 days deadline after the demand for preliminary hearing, false imprisonment. 15-10-11 Rule 5.4 (c) no transcript presented to Circuit Court by law. not a legal statute completed on charge, on only 15-20-24, no (a) (B) (c) (D) section as required by law, Alabama constitution section unknown twice and illegally been put in jeopardy of life, liberty, U.S. Constitution violation of the four amendment, no warrant shall issue to seize any persons, without probable cause, there isn't any probable cause base on all evidence presented, violating the fifth amendment nor be deprive of life, liberty, without due process of law. (8) eigth amendment violation nor shall cruel and unusual punishment be inflicted, Fourthteenth amendment violating the denial of due process of law, the denial of the equal protection of the law, also been deprive of my life, liberty, totally unfairly and all above rights are guarantee by the 14 amendment.

David Cooper 7743

Date 12-26-06.

CLAIM THREE page one

Alabama Constitution Article, Section 6, 7, 10. Violation of plaintiff, rights by District attorney name unknown, knowingly fail to protect plaintiff, rights as stated "no warrant shall issue to seize any persons, without probable cause, Exhibit-A, a copy of a discovery documents presented before her, and she had copies of all these exhibits. Exhibit-A, is not legally certify by no agent nor my self, and I was bound over on all these exhibits, and the D.A. contribute along with the rest, willfully violating plaintiff, Constitutional rights also alabama Constitution rights. The D.A. also on 6-6-06 listen to the decievel testimony of M.O. Hall; the D.A. also decision was to also put plaintiff life in jeopardy twice illegally violating both alabama Constitution rights and u.s. Constitution rights, and as a result, see exhibit-A-4, A-5 paragraph 3, seeking habitual felons offender act, against plaintiff with such a documents, Exhibit-A-6, plaintiff, never was ask to sign anything ever because legally he was never arrested. This court will continue to see their wicked plots, alabama Constitution Article, Section the denial of due process of law and Section 16, nor shall cruel and unusual punishment be inflicted,    including Discrimination Exhibit-A-7, wrong date of birth, violation of A.R.C.P. Rule 5 (a) plaintiff, demand a preliminary hearing on are about 4-11-06, The preliminary hearing shall commence in district court within twenty-one (21) days following the demand for preliminary hearing, plaintiff, wish to reflect back once to exhibit A-1, line 3, and 6, shows preliminary hearing was set on June 6, 06, and attorney was appointed on April 8, 06, it is clear that the district court receive the demand for preliminary hearing according to the appointment of counsel and the above preliminary hearing date set on exhibit-A-1. A.R.C.P. Rule 5, (C) if a preliminary hearing has not been commenced within twenty-one (21) days as required in Section (a) the defendant shall be released from custody automatically.

plaintiff, calculated from 4-11-06, and 4-18-06, to june 6, 06, is a total of 49 days 28 days different on 4-18-06, and 4-11-06 to june 6, 06, is a total of 56 days the difference of 85 days. plaintiff, is as of this dated still confind which is also false importment. From this D.A. unknown name. Also Statute 15-11-10, 15-10-15, Exhibit-A-8, as charge Criminal Code 15-20-24, underlined which is not a Complete Statute by law. See a copy of Statute exhibit-A-9, and 10, Clearly Showing Act-Acts 5-301, 15-20-24, to be legally law, all documents must mention 1st Section, follow the arrow which one(a)(b)(c)(d), and D on exhibit-D-10. I also mention that the only witness against me is Cpl. M.D. Nall #413, See exhibit-B, also exhibit-B-1, underlined 15-20-24, go up two paragraphs above plaintiff, had to search to find this Section. However, this Statute still doesn't apply to plaintiff, Simply because plaintiff, never receive any reciept of a vertification form from the Department of public Safety, nor was the release from any alabama prison. See again exhibit-A-9, 15-20-24(B) look closely at line 5, as Stated <u>Still resides at</u> <u>that address.</u> Which appears to be a address prior to importment, See also line 6, thru 11, if I didn't receive an vertification form from the Department of public Safety. I have within 90 days to register with my residence after must recent release. I haven't been to prison in alabama on any Sex Charge, it still doesn't apply to me just to clear the record, please See exhibit-B-2, 15-20-25(A) which will Show I am correct responsible agency provides notice of release. See also a law from Florida on exhibit-A-11, follow arrow false Charge, See response exhibit-B-3, bottom of page Court documents out of Colorado Stating the Statute which is true charge of 2nd Sexual assault penatration felony four. also exhibit-B-4, is a forge documents by M.D. Nall. See exhibit B-5, the true charge.

Claims Three page three

See exhibit -B-5, just to just to reinforce the truth, look at print out of Colorado underlined true Charge, against exhibit -B-6, second Paragraph line 5, 6, Show true Charge. However, this Warrant was Serve on Cooper, meaning exhibit -A, Surely the D.A. Could see through all of the corrupted illegal documents. Exhibit -B-7, underlined Paragraph three Copy of local office of 2005, which is not in the discovery documents, Quest why, because plaintiff, was arrested in after getting this photo I.d, and was charge with public intoxication at the montgomery greyhound bus station attempting to leave like he planned, and not to stay here. Still after the D.A. read her copy of this evidence from this M.O Hall. Exhibit -B-8, shows my uncle line 3 Stated before two police officers I was homeless, so now it is clear that that address is not my residence, exhibit -C, legistative finding, and C-1, mention nothing about lock up Sex offender because they are homeless, Exhibit -C-2, and C-3, a letter to the chief judge of the district about this situation on 7-12-06, with no avail.

David Cooper 7743.
Date 12-26-06

Claim ... Case ... that ... in Document ... in ... of ... optional rights been violated by the defendant. apl. M.D. Hall # 413.

alabama Constitution article 1, Section 6, 7, 10, no warrant shall issue to seize any persons, without probable cause, Section 16, nor shall cruel and unusual punishment be inflicted, Section 14, denial of due process of law, violation of alabama Constitution the denial of the equal protection of the law, also depriving me out of my life liberty, and violation A.R.C.P. Rule 5, (a) (c) fail to automatically discharge plaintiff, by law, and continue to cover up these acts, total of 49 days, without preliminary hearing regarding the 21 days deadline after the demand for preliminary hearing, fake imprisonment. 15-10-11. Also and Rule 5.4 (c) no transcript presented to the Circuit Court by law, because they didn't want them to see the real truth. However, before it is over, it will be known to this honorable Court. plaintiff, intend to reveal all these plots, tricks, schemes, lies. Statute 15-20-24, is not a Complete charge by law, in order to be law. It's must indicates it's Section in order to complete a legal charge (a) (b) (c)(d). alabama Constitution Section unknown twice and illegally put in jeopardy of life, liberty. violation u.s. Constitution violation of the four amendment, no warrant shall issue to seize any persons, without probable cause, there is't any probable cause base on this evidence presented. violating the fifth amendment nor be deprive of life, liberty, without due process of law 8 eighth amendment nor shall cruel and unusual punishment be inflicted. 14 fourteenth amendment violation, the denial of due process of law, the denial of the equal protection of the law, Discrimination on plaintiff, the defendant plotted against this black muslim. Also been deprive me of my life, liberty, which is guarantee by the fourteenth amendment.

David Cooper 7743
Date 12-26-06.

Claim for relief cont.

b/a Barma Constitution article 1, Section 6, 7, 10. Violation of plaintiff, rights by Cpl. M.D. Hell #413, Knowingly fail to rightfully up-hold the law of alabama Correctly, and knowingly ploted to violates Plaintiff Constitution rights and violated plaintiff, rights, "no warrent shall issue to seize any persons, without probable cause. See exhibit-A, a copy of the arrest sheet warrent which Cpl. M.D. Hell, presented as legal to the court concerning plaintiff, there wasn't any legal arrest here and exhibit A, verify that truth. This documents is also a copy of the circuit court discovery documents, Certificate of execution with nothing sign, no signatures even from Cpl. M.D. Hell, my self, because I was never legally arrest by anyone on 4-7-06. I never was approach by anyone and notify of any charge on 4-7-06, however, exhibit-O showing District Court approve such an illegal arrest by cpl. M.D. Hell, who never legally arrest plaintiff as of this dated, on 6-6-06 M.D. Hell, gave her deceiveful testimony at preliminary hearing against me. plaintiff, has twice been putin jeoperdy illegally by her action depriving plaintiff, out of his life, liberty, for no legal reason nor just but, clearly for injustice sake as all exhibits will clearly shows. See exhibit-A-4-5, paragraph 3, Seeking by D.A. of Circuit Court habitual felony offender act, also M.D. Hell violated alebeme Constitution, and u.s, Constitution, See exhibit-A-6, as to which I never was legally arrest as well, in the discovery document where is a copy of my meorandum right, at which my signature acknowledging an legal arrest, nor was I seen to sign anything my M.D. Hell regarding exhibit-A-6, M.D. Hell have nothing to verify an legal arrest on me on 4-7-06, are at what time of such an arrest. M.D. Hell was only contributing to her injustice which she has normally been doing with racism discrimination practice against me, because of my religious belief, and she is into some derk form of evil

with such an heinously Crime against me, Alabama Constitution
article 1, Section 1, the denial of due process of law, section 16,
nor shall cruel and unusual punishment be inflicted, the denial of
the equal protection of the law. See exhibit-A-7, wrong dated of birth,
this is also false imprisonment, Exhibit-A-8, as charge Criminal
Code 15-20-24, underlined which is not a complete Statute by law,
See copy of Statute exhibit-A-9, shows Act-2005-301 15-20-24, in
order to be legal law, all documents regarding any arrest must mention
its complete section as well to be legal law, please follow the arrow
which one, (A)(B)(C)(D) and D is on A-10. The only witness against me
is M.D. Hall, on exhibit-B. Exhibit-B-1, underlined 15-20-24, below, go
up to paragraphs plaintiff, had to search to find this section. However,
this Statute still doesn't apply to plaintiff, simply because plaintiff,
never receive any reciept of a vertification form from the Department
of public Safety, nor was I released from any alabama prison, See
again exhibit-A-9, 15-20-24(B) look closely at line 5, as Stated Still
resides at that address which appers to be a address prior to
imprisonment. See also line 6, thru 11, if I didn't receive a vertification
Form from the Department of public Safety. I must appear with
a place of residence within 90 days after most recent release. I
haven't been to prison in alabama on any sex charge, it still
doesn't apply to me, See exhibit-B-2, 15-20-25.(a) a responsible
agency provides notice of release within five business day. "No in prison".
See also a lie from florida on exhibit-B-11, follow the arrow false charge.
See exhibit-B-3, bottom of page court documents out of Colorado
Stating the Statute I was originally charge with 2nd sexual assault
Pentration felony four; See Exhibit-B-4, follow the arrow, a forge
charge, by Cpl. M.D. Hall, now she has just also committed a crime

CLAIM FOUR page THREE

Falsifying documents to the Criminal Justice System in order to frame Plaintiff, to again vertify this truth regarding his true charge please look at Exhibit-B-3, bottom of page, now look at Exhibit-B-5, a copy of a print out from Colorado underlined proving his true charge once again, Plaintiff had to reinforce this truth, Exhibit B-7, underlined paragraph three, Copy of local arrest of 2005 She is also lying about that statement. There is't anything within the discovery documents vertifying any 2005 arrest activity, Simply because in 2005 the plaintiff was arrest at the greyhound bus station on public intoxication after receive his photo I, d, as to which he was leaving montgomery not staying plaintiff then did't have a residence nor do he now. M.D. Hall, Seen a copy of that arrest and seen that it would of blue her case of falsehood, that is why this 2005 arrest sheet is not present. See Exhibit-B-8, a copy of police report and as to which will Automatically show this court the plaintiff was homeless See line 3, 4, which both officers witness to my blood uncle statement, Exhib.7-C, C-1, vertify by the legislative finding Stating nothing about locking-up a sex offender because he is homeless nor to illegally keep him in jail because he don't have a place to stay. Exhibit-D, D-1, D-2, dated 7-12-06 the plaintiff Complaining about M.D. Hall, as to which eternal affairs never response. Therefore this honorable court Sees this injustice being practice against plaintiff from officers M.D. Hall, plaintiff also seeks a charge against her for falsfying documents against him on exhibit, B-4, I truly believe she will definitely answer this. plaintiff, States that he will Seek to get the preliminary hearing transcript from the district court which will plainly and clearly shows no probable cause from a arrest, no to be bound over to the grand jury by judge mclemore, their Corrupt plots will come to the light with no cover plaintiff furthers states to the defendants can't run and hide, Date 12-26-06.      David Cooper 7743

<u>CLAIM D:</u> or provable stating His claims and grounds of constitutional rights been violated by the Montgomery District Court Clerk.

Plaintiff, states that the District Court Clerk also contribute to the obstruction of justice as well. She also violation plaintiff, constitution rights, the Alabama constitution as well whether she was order by Judge Luice mclemory, are not She still have her legal duties to preform and all these defendants are under oath before anyway they will certainly reach their doom, because their are play with power, This clerk knew right from wrong, This clerk denied me my first amendment rights by not processing my pro se litigation the denial of the right to redress to this court on my own defense, Alabama constitution right violation as well and is guarantee by the 14 amendment of the u.s. constitution Exhibit.E, on 6.20.06 plaintiff filed a pro se motion for a copy of preliminary hearing transcript in district court, to the clerk office, no response. Exhibit-E-1, on 6.25.06 plaintiff, filed a request for speedy trial, no response by the clerk, totally violeting his speedy trial statute his self, Exhibit - E-2, on 7-9-06, plaintiff filed in the clerk office recquest copies of the discovery documents of preliminary hearing no response, Exhibit-E-3 motion for second transcript no response as yet, and they will not answer this matter, Exhibit-E-4 on 11.03-06 requesting transcript by request form, return back on 11.10.06 no signature and a lie as stated. no such thing as a transcript on a preliminary hearing I fully well know the duty of a court reporter. This is no the 1700's are 1800's it is 2006, I can't believe in whatever I chose this world this legal system. Their are five and half billion peoples on earth, religiously I am not moving for no one from I Slam, and I certainly will die as a Muslim, So I can't prove that truth against you, but what you have done legally to me is just as bad.

David Boyd - THS
DCR 12-26-06

EXHIBIT - A

Form CR-58 (back)    Rev 8/98

## WARRANT OF ARREST
### (Felonies, Misdemeanors, or Violations)

## CERTIFICATE OF EXECUTION

I, the undersigned law enforcement officer, certify that I executed the foregoing **WARRANT OF ARREST** by arresting the accused person named (or described ) therein at _____ o'clock ☐ a.m. ☐ p.m. on the _____ day of _____ , 20 _____ in __MONTGOMERY__ COUNTY, ALABAMA.

After arrest, the accused person was:

☐ Released as authorized at _____ o'clock ☐ a.m. ☐ p.m. _____ , 20 _____

☐ Taken before ☐ Judge ☐ Magistrate at _____ o'clock ☐ a.m. ☐ p.m. _____ , 20 _____

☐ Placed in jail at _____ o'clock ☐ a.m. ☐ p.m. _____ , 20 _____

_____   _____
Date    Signature/Title/Agency

## IDENTIFICATION OF ACCUSED PERSON

| Name of Accused Person | | | | Telephone Number | | |
|---|---|---|---|---|---|---|
| DAVID COOPER | | | | | | |

| Social Security Number | Drivers License Number & State | | Date of Birth | Age | Race | Sex |
|---|---|---|---|---|---|---|
| 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 | | | 08/23/1952 | | B | M |

| Height | Weight | Hair | Eyes | Complexion | | |
|---|---|---|---|---|---|---|
| 600 | 195 | Black | Brown | | | |

| Address of Accused | City | State | Zip Code |
|---|---|---|---|
| 362 NORTH ANTON DR | MONTGOMERY | AL | 36105 |

| Name of Employer | | Telephone Number | |
|---|---|---|---|
| | | | |

| Address of Employer | City | State | Zip Code |
|---|---|---|---|
| | | | |

## WITNESSES

| Name | Address | Telephone Number |
|---|---|---|
| | | |
| | | |
| | | |

## ACKNOWLEDGEMENT BY ACCUSED PERSON

☐ I hereby acknowledge that at the time of my release from custody I was directed to appear in person before the court, as follows:

Place: _____
Date: _____ , 20 _____
Time: _____ o'clock ☐ a.m. ☐ p.m., and as thereafter needed until discharged.

☐ I promise to appear as directed before the court, as follows:

Place: _____
Date: _____ , 20 _____
Time: _____ o'clock ☐ a.m. ☐ p.m., and as thereafter needed until discharged.

_____   _____
Date    Signature of Accused Person

*39*

EXHIBIT-A-1

# A. TODD CARTER

### ATTORNEY AT LAW, L.L.C.

July 21, 2006

**Alabama State Bar**
**The Disciplinary Commission**
**Attn:   Carol M. Wright**
415 Dexter Avenue
Post Office Box 671
Montgomery, AL 36101

Re:    Complaint of David Cooper
CSP No. 06-738(A)

Dear Ms. Wright:

This letter is in response to the complaint filed by David Cooper. I was appointed to represent Mr. Cooper on the charges of Violation of the Community Notification Act, *Alabama Code 15-20-24*, on April 18, 2006. I am the indigent defense counsel for the three district court judges in Montgomery County and I am appointed to represent individuals who request a preliminary hearing on their felony charge. At the time of my appointment in Mr. Cooper's case, a preliminary hearing was scheduled for June 6, 2006 before the Honorable Lucie McLemore, District Court Judge. Prior to the hearing, I met with Mr. Cooper to discuss the charges and to advise him to the purpose of a preliminary hearing. I explained thoroughly that it was not a trial on the charge but a probable cause hearing to determine if the State had probable cause to arrest him on the charge. We also discussed other options that would be available to Mr. Cooper, one of which would have been to waive the preliminary hearing if the State would provide us with discovery on the charge. I advised Mr. Cooper that it was his decision and I would do whatever he wanted me to do. He wanted to proceed with the preliminary hearing. He advised me that he had traveled from Fort Lauderdale, Florida to Montgomery, Alabama by Greyhound bus. He stated that he had come to Montgomery to get a copy of his birth certificate and planned to return back to Ft. Lauderdale. He informed me that he was homeless but did have an uncle in Montgomery. He said he had stayed with his uncle on several occasions. During the course of our conservation he never denied being a convicted sex offender, he just denied being a resident of Montgomery.

At the hearing the State offered one witness, Corporal M. D. Hall of the Montgomery Police Department. Corporal Hall testified that she had become involved in this case after Mr. Cooper was arrested for public intoxication on April 6th, 2006 by the Montgomery Police Department. According to the record check by the police, Mr. Cooper was determined to be a convicted sex offender out of the state of Colorado and had registered as a sex offender in the state of Florida. In the course of the arrest for public intoxication, Mr. Cooper gave the officers the address of 362 North Anton Drive Montgomery, Alabama as his residence. It was also later determined that Mr. Cooper had use the same address to apply for a birth certificate and a identification card with the Department of Public Safety.  Corporal Hall testified that Mr. Cooper has never registered with the Montgomery Police Department or the Montgomery County Sheriff Department. I crossed examined Corporal Hall as to

621 South Hull Street • Montgomery, AL 36104
Telephone: 334-262-5455 • Facsimile: 334-263-1130
Email: a.toddcarter@knology.net

Exhibit - A-2

the source of the evidence she testified to, the identity of any of the witnesses she may had interviewed in the course of her investigation and any physical evidence collected at the alleged residence to establish if Mr. Cooper was living there.

I had explained to Mr. Cooper that he had the right to testify at his preliminary hearing but I believed that to not be in his best interest since the case was still under investigation. Because the case was still under investigation anything he would have said in the Courtroom could have been used against him in the future. Mr. Cooper chose not to testify. At the conclusion of the hearing, Judge McLemore found that there was probable cause for the arrest of Mr. Cooper on the charge and the case was bound over to the Grand Jury.

Mr. Cooper contends that I failed to get information about the bus ticket he purchased from the Greyhound Bus Line on April 30th, 2006. The charges against him were to have occurred on or about April 6th, 2006. Based on the information I had reviewed, the time he purchased the bus ticket would be irrelevant to the determination of probable cause in this case. The Court based its finding of probable cause on the testimony of Corporal Hall in which Mr. Cooper used an address in Montgomery as his residence and had never registered,

Mr. Cooper also contends that I did not request the Court to dismiss the case based on the failure to appear of a witness named, Ronson T. Cooper. The warrant, affidavit, complaint, notes from my meeting with Mr. Cooper or the hearing do not reflect any information about an individual named, Ronson Cooper or a phone conversation involving the individual. Therefore, it appears that the individual would not have any relevant testimony to offer in this matter.

If any further information is needed please feel free to contact me at the numbers or address below.

Sincerely,

ANTHONY TODD CARTER

cc:    File



ALABAMA STATE BAR
# THE DISCIPILINARY COMMISSION
TELEPHONE 334-269-1515
P.O. BOX 671
MONTGOMERY, AL 36101

FAX: 334-261-6311

DELIVERY ADDRESS:
415 DEXTER AVENUE
MONTGOMERY, AL 36104

July 27, 2006

Mr. David Cooper
M.C.D.F.
P. O. Box 4599
Montgomery, AL  36195

Re:    CSP No. 06-738(A)
       Complaint against Anthony Todd Carter

Dear Mr. Cooper:

The Disciplinary Commission of the Alabama State Bar has received the complaint that you filed against the above-referenced attorney.  A copy of your complaint was forwarded to the attorney and a copy of the attorney's response to your complaint is enclosed.

Two attorneys in the Office of General Counsel of the Alabama State Bar have reviewed your complaint and the attorney's response to the complaint.  In view of the nature and content of the complaint and the enclosed response of the attorney, we will take no further action in this matter.

Sincerely,

*Carol M. Wright*

Carol M. Wright
Investigator/Paralegal
For the Office of General Counsel

Enclosure

cc:    Mr. Anthony Todd Carter

RULE 30, ALABAMA RULES OF DISCIPLINARY PROCEDURE OF THE ALABAMA STATE BAR, ADOPTED BY THE SUPREME COURT OF ALABAMA, PROVIDES THAT ALL DISCIPLINARY PROCEEDINGS SHALL REMAIN CONFIDENTIAL UNTIL A PLEA OF GUILTY OR THE DISCIPLINARY BOARD OR DISCIPLINARY COMMISSION MAKES A FINDING OF GUILTY.

EXHIBIT - A-4

**IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT**
**MONTGOMERY COUNTY, ALABAMA**

STATE OF ALABAMA,               )
      Plaintiff,                )
                          )
V                               )     CC No. 06-1084 J-H
                          )
DAVID COOPER,                   )
      Defendant.                )

**NOTICE OF**
**DISCOVERY TO DEFENDANT,**
**INTENT TO USE PRIOR CONVICTIONS,**
**INTENT TO INVOKE SENTENCING ENHANCEMENTS,**
**INTENT TO OFFER PROOF BY A CERTIFICATE OF ANALYSIS, and**
**MOTION FOR DISCOVERY BY THE STATE**

     **COMES NOW** the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and gives notice as to the following:

     1.     Pursuant to Rule 16.1, A.R.Cr.P., and as otherwise required by law, all available discovery has been provided or made available to the Defendant's counsel of record. Physical evidence, photographs, video tapes of crime scene and/or statements of Defendant if any, are in the custody of the investigating law enforcement agency or the Alabama Department of Forensic Sciences. Arrangements for copies of photographs and/or video tapes or inspections of physical evidence may be made by contacting the undersigned.

     The State has furnished a copy of the discovery to Defense Counsel. This material is page numbered sequentially from 000001 to 50 . (Pages 22 23, 46 47 have not been provided, as they are either work product and/or NCIC, which cannot be provided pursuant to state law, unless ordered by the Court.) The State of Alabama considers this discovery material to have been received **in its entirety** by Defense Counsel unless promptly notified in writing of any discrepancies.

     2.     The State intends to use at trial any and all prior convictions, crimes, wrongs, or acts of the Defendant for those uses permitted by Rules 404(b) and 609 of the A.R.E., and as otherwise allowed by law. The State is presently aware of, and intends to use, the following:

2005 Public Intoxication     1981 Car C. 2 Prop 1
1990 Sex Assit / Assit II     1984. Fail to poss Ex fel card
1992. Distribution/Sale Cont. Sub
1996 Rec'd 16.6 (y2)
1994 B.L. (y2)
1992 Burglary

1

Exhibit-A-5

3.      The State intends to invoke all sentencing enhancements required or permitted by law including the Habitual Felony Offender Act based on any applicable felony convictions, known and/or any convictions which may subsequently be discovered and/or disclosed.  And, if applicable, the following:

- Enhancement for use of firearm or deadly weapon.  Minimum term of imprisonment of _____ years.
- Five Year Enhancement for Sale of Drugs within three (3) miles of a school, 13A-12-250.
- Five Year Enhancement for Sale of Drugs within three (3) miles of housing project, 13A-12-270.
- $1,000.00 Fine, 13A-12-281.
- $2,000.00 Fine, 13A-12-281.
- Suspension of Driver's License, 13A-12-290.
- Five Year Enhancement for Possession of Firearm, 13A-12-231(13).

4.      If applicable and pursuant to Sections 12-21-300 through 303, Code of Alabama, written notice is hereby given of the State's intent to offer proof by a certificate of analysis in lieu of direct testimony.  The certificate of analysis is from the Alabama Department of Forensic Sciences and is included in the provided discovery material.

5.      Pursuant to rules 16.2 and 16.4(c), A.R.Cr.P., and as otherwise required by law, the State requests a copy of all discovery to which it is entitled and hereby requests this Honorable Court for an order granting same to the State.

Respectfully submitted, this _____ day of _____2006.

ELEANOR I. BROOKS
District Attorney

by:     _____
TRISHA L. MELLBERG (MEL016)
Deputy District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing was served upon the Honorable _____, Counsel for the Defendant, by hand delivery; or by placing same in the appropriate Courthouse Box; or by posting same in the United States mail, postage prepaid and properly addressed to said Counsel; on this the _____ day of _____2006.

by:     _____
TRISHA L. MELLBERG (MEL016)
Deputy District Attorney

Exhibit-A-5

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| INCIDENT/OFFENSE REPORT. CONTINUED | 95 DATE AND TIME OF REPORT 0 4 0 7 0 6  0914 | AM PM MIL. | 96 CASE # | | 97 SFX | 98 ☐ OFFENDER ☒ SUSPECT ☐ MISSING PERSON | ☐ CHECK IF MULTIPLE |

| 99 NAME (LAST, FIRST, MIDDLE) Cooper, David  RECEIVED | 100 NICKNAME/ALIAS | 101 RACE ☐W ☐A ☒B | 102 SEX ☒M ☐F | 103 DOB 0 8 2 3 5 2 | 104 AGE 53 |

| 105 ADDRESS (STREET, CITY, STATE, ZIP) 362 North Anton Drive Montgomery, AL 36105 | 106 HGT 6'0" | 107 WGT 195 | 108 EYE Bro | 109 HAIR Blk | 110 COMPLEXION Light |

| 111 PROBABLE DESTINATION M.C.D.F. | 112 ARMED ☐Y ☒N ☐UNK. | 113 WEAPON |

| 114 CLOTHING | ☐ SCARS ☐ MARKS ☐ TATOOS | 115 WEAPON ☒ ARRESTED ☐ WANTED |

| 116 NAME (LAST, FIRST, MIDDLE) | 117 NICKNAME/ALIAS | 118 RACE ☐W ☐A ☐B | 119 SEX ☐M ☐F | 120 DOB M D Y | 121 AGE |

| 122 ADDRESS (STREET, CITY, STATE, ZIP) | 123 HGT | 124 WGT | 125 EYE | 126 HAIR | 127 COMPLEXION |

| 128 PROBABLE DESTINATION | 129 ARMED ☐Y ☐N ☐UNK. | 130 WEAPON |

| 131 CLOTHING | ☐ SCARS ☐ MARKS ☐ TATOOS | 132 WEAPON ☐ ARRESTED ☐ WANTED |

WITNESS

| | 133 NAME (LAST, FIRST, MIDDLE) SEX, RACE, DOB | 134 ADDRESS (STREET, CITY, STATE, ZIP) | 135 RES. PHONE | 136 BUS. PHONE |
|---|---|---|---|---|
| # 1 | SEX ☐M ☐F RACE ☐W ☐A ☐B ☐I M D Y | | ( ) | ( ) |
| # 2 | SEX ☐M ☐F RACE ☐W ☐A ☐B ☐I M D Y | | ( ) | ( ) |
| # 3 | SEX ☐M ☐F RACE ☐W ☐A ☐B ☐I M D Y | | ( ) | ( ) |
| # 4 | SEX ☐M ☐F RACE ☐W ☐A ☐B ☐I M D Y | | ( ) | ( ) |

| WITNESS #1 SSN | WITNESS #2 SSN | WITNESS #3 SSN | WITNESS #4 SSN |

NARRATIVE

137

The defendant, being a convicted Sex Offender out of the state of Colorado, resided within the City Limits of Montgomery, AL

without registering as a Sex Offender.

CONTINUED ON SUPPLEMENT ☐Y ☒N

| ASSISTING AGENCY ORI | ASSISTING AGENCY CASE # | SFX |

I hereby affirm that I have read this report and that all information given by me is correct to the best of my knowledge. I will assume full responsibility for notifying this agency if any stolen property or missing person hereby reported is returned.

SIGNATURE _____

| 138 LOCAL USE U | U K |
| 139 STATE USE |

ADMINISTRATION

MULTIPLE CASES CLOSED

| 140 CASE # | 141 SFX | 142 CASE # | 143 SFX | 144 CASE # | 145 SFX | 146 ADDITIONAL CASES CLOSED NARRATIVE Y N |

| 147 CASE STATUS ☐ PENDING ☐ INACTIVE ☐ CLOSED ENTERED ACIC/NCIC DATE ☐Y ☐N | 148 CASE DISPOSITION ☐ CLEARED BY ARREST (JUV.) ☐ CLEARED BY ARREST (ADULT) ☐ UNFOUNDED ☐ ADM. CLEARED | ☐ EXCEPTIONAL CLEARANCE ☐ SUSPECT/OFFENDER DEAD ☐ OTHER PROSECUTION ☐ EXTRADITION DENIED ☐ LACK OF PROSECUTION ☐ JUVENILE, NO REFERRAL ☐ DEATH OF VICTIM | 149 REPORTING OFFICER CPL M.D. Hall | ID # 413 |
| | | | 150 ASSISTING OFFICER | ID # |
| | | | 151 SUPERVISOR APPROVAL   ID # | 152 WATCH CMDR.   ID # |

5

# ALABAMA UNIFORM INCIDENT / OFFENSE REPORT    SUPPLEMENT

Exhibit-A-7

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| 1 ORI# | 2 AGENCY NAME | 3 DATE AND TIME OF REPORT | 4 CASE # | 5 SFX |
|---|---|---|---|---|
| 0 0 3 0 1 0 0 | Montgomery Police Department | 0 5 1 9 0 6  09:09  ☒MIL | 0 6 - 0 0 7 7 3 1 | |

**EVENT**

| 6 VICTIMS NAME (ORIGINAL REPORT) | 7 ORIGINAL OFFENSE DATE | 8 TYPE REPORT |
|---|---|---|
| State of Alabama | 0 4 0 6 0 6 | ☐ CONTINUATION  ☒ FOLLOW-UP |

| 9 ORIGINAL INCIDENT / OFFENSE | 10 UCR CODE | 11 STATE CODE / LOCAL ORDINANCE |
|---|---|---|
| Violation of the Community Notification Act | | 23Z(02) |

| 12 NEW INCIDENT I OFFENSE | 13 UCR CODE | 14 STATE CODE / LOCAL ORDINANCE |
|---|---|---|
| | | |

| 15 HAS AN ARREST BEEN HAVE? | 16 DATE OF ARREST | 17 HAS WARRANT BEEN OBTAINED? | 18 DATE OF WARRANT | 19 PRIOR PREMISE |
|---|---|---|---|---|
| ☒ YES  ☐ NO | 0 4 0 7 0 6 | ☒ YES  ☐ NO  WARRANT # 2006F-0567 | 0 4 0 7 0 6 | YEAR WEAPON ___ |

| 20 ☒ DEFENDANT ☐ SUSPECT | 21 ☐ DEFENDANT ☐ SUSPECT |
|---|---|
| NAME:   David Cooper | NAME: |

| | RACE | SEX | DOB | AGE | | RACE | SEX | DOB | AGE |
|---|---|---|---|---|---|---|---|---|---|
| | ☐W ☐A ☒B ☐I | ☒M ☐F | 0 8 2 3 5 2 | 53 | | ☐W ☐A ☐B ☐I | ☐M ☐F | M  D  Y | |

**NARRATIVE**

Show this case Cleared by the Arrest of black male David Cooper, DOB 4/07/06, of 362 North Anton Drive. Cooper was arrested and placed in the Montgomery County Detention Facility.    Not So

| 22 LOCAL USE |
|---|
| U    U K |

23 STATE USE

**DOLLAR VALUE**

| 24 MOTOR VEHICLE | S R D C | 25 CURRENCY, NOTES | S R D C | 26 JEWELRY | S R D C | 27 CLOTHING / FURS | S R D C | 28 FIREARMS | S R D C | 29 OFFICE EQUIPMENT | S R D C |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

| 30 ELECTRONICS | S R D C | 31 HOUSEHOLD | S R D C | 32 CONSUMABLE GOODS | S R D C | 33 LIVESTOCK | S R D C | 34 MISCELLANEOUS | S R D C |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| MOTOR VEHICLE RECOVERY ONLY REQUIRED FOR 24xx UCR CODE | 35 MOTOR VEH. STOLEN IN YOUR JURISDICTION? ☐ Yes ☐ No  WHERE? | 36 RECOVERED IN YOUR JURISDICTION? ☐ Yes ☐ No  WHERE? |
|---|---|---|

| MULTIPLE CASES CLOSED | 37 CASE # | 38 SFX | 39 CASE # | 40 SFX | 41 CASE # | 42 SFX | 43 ADDITIONAL CASES CLOSED NARRATIVE  ☐ Y ☐ N |
|---|---|---|---|---|---|---|---|

**ADMINISTRATIVE**

| 44 CASE STATUS | 45 CASE DISPOSITION: | | 46 REPORTING OFFICER | ID# |
|---|---|---|---|---|
| ☐ PENDING ☐ INACTIVE ☐ CLOSED | ☐ CLEARED BY ARREST (JUV) ☐ CLEARED BY ARREST (ADULT) ☐ UNFOUNDED ☐ ADM. CLEARED | ☐ EXCEPTIONAL CLEARANCE. ☐ SUSPECT I OFFENDER DEAD ☐ OTHER PROSECUTION ☐ EXTRADITION DENIED ☐ LACK OF PROSECUTION ☐ JUVENILE, NO REFERRAL ☐ DEATH OF VICTIM | Cpl M.D. Hall | 413 |
| ENTERED ACIC / NCIC ☐ Yes ☐ No  DATE | | | 47 ASSISTING OFFICER | ID# |
| | | | 48 SUPERVISOR APPROVAL    ID# | 49 WATCH CMDR:    ID# |

**TYPE OR PRINT IN BLACK INK ONLY**

ACJIC-33 REV. 11-94

Case #  06-007731                    AFFIDAVIT                    Warrant: 200-II-0000

# DISTRICT COURT OF MONTGOMERY ALABAMA

INSTRUCTIONS: Complete the following information on OFFENSE/OFFENDER

Offense:  Violation of the Community Notification Act

Defendant's Name:  B/M David Cooper                              D.O.B.  8/23/52

Defendant's SSN:  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          Height:  6'00      Weight:  195

Defendant's Address:  362 North Anton Drive Montgomery, AL 36105

Date & Time of Offense:  4/0/6/06 1802 hours

Place of Occurrence:  362 North Anton Drive Montgomery, AL 36105

Person or Property Attacked:

How Attacked:

Damage Done or Property Attacked:

Value of Property:

Details of Offense:
The defendant, being a convicted Sex Offender out of the state of Colorado, did reside within the City Limits of Montgomery, AL
without registering with the City of Montgomery Police Department.

THIS IS IN VIOLATION OF CRIMINAL CODE 15-20-24.

This offense did in fact occur in Montgomery County, Montgomery, Alabama.

I make this affidavit for the purpose of securing a warrant against the said
B/M David Cooper                              . I understand that I am instituting a criminal
proceeding and cannot drop this case. I further understand that if any of the forgoing facts
are untrue, I many, in addition to any other punishment provided by law, be taxed with
court costs in this proceeding.

Sworn to and subscribed before me
this  7th  day of  April        200 6          _C/ M.D. Hall #413_
                                                        Complainant

_____
/ Judge - Clerk - Magistrate

WITNESSES: (Name, Address, Telephone Number)

1)  CPL M.D. Hall #413        MPD              (334)241-2831

2)

3)

4)

26

"(b) If a sentencing court does not impose a sentence of incarceration upon conviction of the adult criminal sex offender for a criminal sex offense, notification shall be provided by the responsible agency in accordance with subsection (a) within 24 hours of release.

"(c) Prior to release, every adult criminal sex offender convicted for a criminal sex offense shall submit to the probation officer or sheriff a DNA sample that will be sent to the Department of Forensic Sciences. An adult criminal sex offender who intentionally fails to provide a DNA sample shall be guilty of a Class C felony.

"(d) If an adult criminal sex offender is unable to declare a place of employment prior to release because he or she is unemployed, the offender shall declare in writing or by electronic means approved by the Director of the Department of Public Safety the name and physical address of his or her employer to the sheriff of the county and chief of police of the municipality in which the offender is employed by the end of the next business day after he or she obtains employment. Any failure to provide a timely and accurate written declaration as required by this section is a Class C felony.

"§ 15–20–23.

"(a) If an adult criminal sex offender intends to transfer his or her residence to a different location, he or she shall submit a notice of intent to move to the sheriff of the county and the chief of police of the municipality in which he or she resides, and to the sheriff of the county and chief of police of the municipality to which he or she plans to move, if such are different, at least 30 days prior to moving to the new location. The notice of intent to move shall be on a form developed by the Department of Public Safety provided by the sheriff and shall include all the information required by this article for community notification. Failure to provide a timely and accurate written declaration shall constitute a Class C felony.

"(b) Notwithstanding other provisions of law regarding establishment of residence, an adult criminal sex offender shall be deemed to have established a new residence in any of the following circumstances:

"(1) Whenever that adult criminal sex offender is domiciled for three consecutive days or more.

"(2) Whenever that adult criminal sex offender is domiciled following his or her release, regardless of whether that criminal sex offender has been domiciled at the same location prior to the time of conviction.

"(3) Whenever an adult criminal sex offender spends 10 or more aggregate days at a location during a calendar month.

"§ 15–20–24.

"(a) Sixty days after an adult criminal sex offender's most current release and, except during ensuing periods of incarceration, thereafter on the anniversary date of an adult criminal sex offender's birthday occurring more than 90 days after the release and the date six months after the anniversary date of an adult criminal sex offender's birthday occurring more than 90 days after the release, the Department of Public Safety shall mail a non-forwardable verification form to the address of the adult criminal sex offender. The sheriff, or chief of police where applicable, where the adult criminal sex offender resides shall be notified of the pending verification and whether the verification form was received by the adult criminal sex offender.

"(b) Within 10 days of the receipt of the verification form, the adult criminal sex offender shall present in person the completed verification form to the sheriff, or chief of police where applicable, who shall obtain fingerprints and a photograph of the adult criminal sex offender. The verification form shall be signed by the adult criminal sex offender and shall state that the adult criminal sex offender still resides at that address and that the adult criminal sex offender is in compliance with the residence restrictions established in this article. In the event the adult criminal sex offender does not receive a verification form from the Department of Public Safety, the offender must nonetheless report in person to the sheriff, or chief of police where applicable, to verify his or her place of residence within 90 days of his or her most recent release and thereafter each year within 30 days of the offender's birthday and the date six months after the offender's birthday.

Additions in House Bills are indicated by underline; deletions by strikeout

Exhibit - A - 10

→ "(c) Within 30 days of an adult criminal sex offender's address verification, the Department of Public Safety shall, in accordance with guidelines promulgated by the Department of Public Safety, receive from the appropriate sheriff or chief of police verification of the adult criminal sex offender's address. Such guidelines shall ensure that address verification is accomplished with respect to these individuals and shall require the submission of fingerprints and photographs of the individuals.

→ "(d) An adult criminal sex offender who fails to verify his or her place of residence in accordance with this section, provides a false statement to law enforcement in the verification process, or knowingly fails to permit law enforcement personnel to obtain fingerprints or a photograph shall be guilty of a Class C felony.

"§ 15–20–25.1.

"(a) Any adult criminal sex offender not a resident of this state shall register with law enforcement whenever the offender comes into this state to accept employment, to carry on a vocation, or to become a student. The offender shall also register any subsequent changes in his or her place of lodging, employment, or school being attended.

"(b) Any adult criminal sex offender required to register under this section shall, within five days after entering this state or changing his or her place of lodging, employment, or school being attended, provide a written declaration to the sheriff of the county and chief of police of the municipality in which the offender intends to work or become a student. This written declaration shall contain all of the following:

"(1) Information concerning the registrant's place of employment or the school being attended.

"(2) The registrant's address in his or her state of residence.

"(3) The address of any place of lodging the registrant may have in this state for purposes of employment or attendance as a student.

"(4) Other information as would be necessary to complete a community notification flyer as defined in subdivision (3) of Section 15–20–21.

"(c) Whenever an adult criminal sex offender registers pursuant to this section, he or she shall be subject to the community notification procedures set forth in Section 15–20–25. The adult criminal sex offender shall be treated as though he or she had transferred his or her place of residence to the place of lodging declared under subdivision (3) of subsection (b). If no place of lodging is declared or exists, the adult criminal sex offender shall be treated as though he or she had transferred his or her place of residence to the place of employment or the school being attended declared under subdivision (1) of subsection (b).

"(d) An intentional failure to provide a timely and accurate written declaration as required by this section shall constitute a Class C felony.

"§ 15–20–25.2.

"(a) In addition to any other requirements of this article, an adult criminal sex offender shall provide written notice to the sheriff of the county and chief of police of the municipality in which the offender resides, of the following:

"(1) Each institution of higher education at which the offender is employed, carries on a vocation, or is a student.

"(2) Each change in enrollment or employment status of the offender at a an institution of higher education.

"(b) An adult criminal sex offender shall provide written notice as required under subdivision (1) of subsection (a) within five days of becoming employed, carrying on a vocation, or becoming a student at an institution of higher education.

"(c) A change in status noticed under subdivision (2) of subsection (a) shall be reported by the adult criminal sex offender within five days after the change becomes effective.

"(d) Any written notice provided to law enforcement under this section shall be forwarded to the Department of Public Safety and the Alabama Criminal Justice Information Center,

Exhibit-A-11

### Sex Offender



RECEIVED

2001 JAN -3 A 9:45

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Date of Photo:02-21-2006

### David Cooper

| Status: Released | | |
|---|---|---|
| Department of Corrections #: | | Date of Birth: 08-23-1952 |
| Race: Black | Sex: Male | Height: 6' 00" |
| Hair: Black | Eyes: Brown | Weight: 205 lbs. |
| Scars, Marks, Tattoos: Tat R Arm: Heart; Tat L Arm: Heart | | |
| Last Reported Address: 1698 Blount Rd, Pompano Beach, FL 33069-5101 | | |
| County: Broward | Date Address Entered: 02-21-2006 | |
| Qualifying Offense(s): Sex Offense-Other  (Colorado Offense - Sexual Assault On A Child) ← | | |
| Victim(s): Gender: Unknown ; Minor? Yes | | |
| Cooper is a Sex Offender under Florida law. Positive identification cannot be established unless a fingerprint comparison is made. | | |



*If further information is needed, please contact the Florida Department of Law Enforcement's Sexual Offender/Predator Unit at (1-888-357-7332) between the hours of 8am and 6.30pm, Monday through Friday*

49

Exhibit - B.

**DETECTIVE DIVISION**
**MONTGOMERY POLICE**
**DEPARTMENT**

CASE NUMBER: **06-007731**
RESTITUTION DUE
(OWE VICTIM)

FINAL VERDICT:

TRIAL DATE:
DISPOSITION:

DEFENDANT: David Cooper    362 North Anton Street Montgomery, AL    B/M    8/23/52

COMPLAINANT: State of Alabama    320 North Ripley Street Montgomery, AL    (334)241-2831

OFFENSE: V.C.N.A.    4/06/06 1802 hours    362 North Anton Street Montgomery, AL

ARRESTED BY: CPL M.D. Hall #413    4/07/06 0914 hours    MPD

WITNESSES: (1) CPL M.D. Hall #413    MPD    (334) 241-2831

TESTIMONY: Witness #1 is the case agent. ⬅

ELEMENTS:

The defendant did knowingly Violate the Community Notification Act be failing to register as a Sex Offender when he began to reside in Montgomery.

PROOF OF CASE: Physical and Oral testimony.

CASE FILE SENT TO D.A.    DATE: 5/19/06    CASE AGENT: CPL M.D. Hall #413

| State of Alabama<br>Unified Judicial System | **COMPLAINT** | Warrant Number<br>2006F00567 |
|---|---|---|
| | (Felonies, Misdemeanors, or Violations - | Case Number |
| Form CR-6          Rev. 8/98 | District or Municipal Court) | |

IN THE _____ **DISTRICT** _____ COURT OF \_\_\_\_\_ **MONTGOMERY** \_\_\_\_\_, **ALABAMA**

<div style="margin-left:2em">(Circuit, District, or Municipal)</div>

☒ STATE OF ALABAMA   EXHIBIT-B-1

☐ MUNICIPALITY OF MONTGOMERY v.          DAVID  COOPER  (000921575A)

<div style="text-align:center">(Name of Municipality or County)</div>
<div style="text-align:center">Defendant (NWS Jacket Number)</div>

---

Before me, the undersigned authority, personally appeared this day the undersigned complainant who, upon first being duly sworn, states on oath that he/she has probable cause for believing, and does believe that _____ DAVID  COOPER _____,

Defendant, whose name is otherwise unknown to the complainant, did, prior to the commencement of this action, on or about

\_\_\_04/06/2006\_\_\_ (date of occurrence) commit the offense of **VIOLATION OF THE COMMUNITY NOTIFICATION ACT FOR ADULT CRIMINAL SEX OFFENDER** _____ within the

☒ County of   **MONTGOMERY** _____

☐ City/Town of _____ or in the police jurisdiction thereof, in that he/she did: (State specific facts here.  Continue on a separate sheet of paper if needed.)   As an adult criminal sex offender, (select as appropriate):

[X] fail to present within 10 days of receipt, a completed residence verification form to the sheriff, or chief of police where applicable;

☐ fail to verify his or her place of residence with the sheriff, or chief of police where applicable, within 90 days of his or her most recent release from incarceration;

in violation of

☒ Section \_\_\_15-20-24_____, Alabama Code 1975.

☐ Municipal Ordinance Number _____ which embraces Section _____ Alabama Code 1975,
    previously adopted, effective and in force at the time the offense was committed.

☐ Other _____

Sworn to and Subscribed before me this

_____          Cpl M.D. Law #413

_____ day of          Complainant

\_\_April_____ 2006          320 N. RIPLEY ST., MONTGOMERY, AL 36104

_____          Address

Judge/Magistrate/Warrant Clerk          334-241-2831

          Telephone Number

## WITNESSES

| Name | Address | Telephone Number |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Additional Witnesses on Reverse Side.

27

Exhibit - B-2

§ 2; repealed by Act 99–572, p. 1283, § 1; added by Act 99–572, p. 1283, § 3; Act 2005–301, 1st Sp. Sess., § 1.)

## HISTORY

**Effective date:**

The act which repealed and added this section is effective September 1, 1999.

**Amendment notes:**

The **2005 amendment,** effective October 1, 2005, in subsection (a) inserted "and the date six months after the anniversary date of an adult criminal sex offender's birthday occurring more than 90 days after the release"; in subsection (b) added the final sentence; in subsection (c) deleted "the annual date of" preced-

ing "an adult"; and in subsection (d) substituted "verify his or her place of residence in accordance with this section, provides a false statement to law enforcement in the verification process" for "present in person a completed verification form to the sheriff, or chief of police where applicable, within 10 days".

## CROSS REFERENCES

As to requiring quarterly verification of residence of a sexually violent predator, see subsection (e) of Section 15–20–25.3.

## § 15–20–25.  Adult criminal sex offender — Community notification procedures.

(a) Within five business days after the responsible agency provides notice of a release or intent to transfer residence of any adult criminal sex offender, the following procedures shall apply:

(1) In the cities of Birmingham, Mobile, Huntsville, and Montgomery, the chief of police shall notify all persons who have a legal residence within 1,000 feet of the declared residence of the adult criminal sex offender and all schools and child care facilities within three miles of the declared residence of the adult criminal sex offender that the criminal sex offender will be establishing his or her residence.

(2) In all other cities in Alabama with a resident population of 5,000 or more, the chief of police, or if none then the sheriff of the county, shall notify all persons who have a legal residence within 1,500 feet of the declared residence of the adult criminal sex offender and all schools and child care facilities within three miles of the declared residence of the adult criminal sex offender, that the adult criminal sex offender will be establishing his or her residence.

(3) In all other municipalities with a resident population of less than 5,000, and in all unincorporated areas, the sheriff of the county in which the adult criminal sex offender intends to reside shall notify all persons who have a legal residence within 2,000 feet of the declared residence of the adult criminal sex offender, and all schools and child care facilities within three miles of the declared residence of the adult criminal sex offender, that the adult criminal sex offender will be establishing his or her residence.

(b) A community notification flyer shall be made by regular mail or hand delivered to all legal residences required by this section. In addition, any other method reasonably expected to provide notification may be utilized, including, but not limited to, posting a copy of the notice in a prominent place at the office of the sheriff and at the police station closest to the declared residence of the released criminal sex offender, publicizing the notice in a

120

EXHIBIT B-3

Status:                    CLSD              District Court, El Paso County
Case #: 1996 CR 002705     Div/Room: 1        Type: Sex Offenses
              The People of Colorado vs COOPER, DAVID

Case File Date:  8/05/1996    Case Close Date: 12/06/1999    Appealed: Y
                              Confidential Intermediary.............:

                    Bar #    Name
Judicial Off...: 013004   THOMAS L KENNEDY
Alt Jud Officer: 000000
                    Description              Stat Date        Time    Rm/D
Trial..........: Jury Trial                  VACT 2/23/1998   9:00 A
Next Schd Event:                                  0:00
Last Schd Event: Motions Hearing             VACT 12/06/1999  2:00 P

Last Event.....: Minute Order (no print)     n/a  12/06/2002

Attorney(s)....: Y  +

Agency: CSPD CO Springs Police Dept          Agency Case #: 96-25822
Ticket/Summons Number(s):                       Arrest#: 9611053

Warrant........:        Warrant Date:             Expired Date:
Party on Warrant:
Change of Venue.:        Agency:

Bond(s).................: Y

Sentence Date...........: SPLE  1/30/1998
Detention Location.......:
Supervising Agency.......:
Probation Officer........:

                    ----- PARTIES -----
PARTY  ROL STS   NAME                ATTORNEY                  ROL
PTF  1           The People of Colorado
DEF  1           COOPER, DAVID       CARLSON, KATHLEEN ANN     CTA
        Drivers License.........: 952890258 CO
        Date of Birth...........: 08/23/1952
        Sex.....................: Male
        Race....................: Black
        Height..................: 600
        Weight..................: 160
        Hair Color..............: Black
        Eye Color...............: Brown
        Home Address............: 812 N Weber St
                                : #2
                                : COLORADO SPGS, CO  80903
        SID.....................: X0506467
                    ----- OTHER PEOPLE -----
ROLE     NAME
VIC  1           *** Victim ***
    CNT STS STATUTE NUMBER      CHARGE DESCRIPTION            CLASS
      1 ( ) 18-3-403(1)(a)      2nd Deg. Sex As'lt: Penetration  F4

Exhibit - B-4

B/M David Cooper

DOB:  08/23/1952

Current address:  362 N. Anton Street

Conviction:  Sexual Assault 2nd Degree

Occurred in Colorado (SEX ASSAULT ON A CHILD).
Last registered in Florida and failed to register in Alabama.

Warrant was signed on 04/07/2006 by Cpl. M.D. Hall, #413

Cooper was arrested at MPD by Cpl. M.D. Hall, #413 on 04/07/2006

29

Colorado Convicted Sex Off... er Site                                                     Page 1 of 1

## Exhibit - B-5



| Colorado Bureau of Investigation | | Colorado Department of Public Safety |
| --- | --- | --- |
| **Convicted Sex Offender Site** | | CBI Home | CDPS Home | State of Colorado |



# Categories

Sexually Violent Predator     Multiple Offenders     Failed to Register     Felony Conviction

For a complete list of registered sex offenders in your neighborhood contact your local Police Department or Sheriff's Office.

### Sexual Offender Details

Home

Statutes

Definitions

Community Notification

Sexual Offending Facts

Sex Offender Registration

Public Request

Links

Colorado Police and Sheriff Sex Offender Websites

National Sex Offender Public Registry

**Name:** Cooper, David
**Date Of Birth:** August 23, 1952
**Convictions:** 2nd Degree Sex Assault (1998); Indecent Exposure (1987).
**Race:** Black
**Gender:** Male
**Height:** 6' 00"
**Weight:** 230
**Hair:** Black
**Eyes:** Brown
**Scars/Marks/Tattoos:** Tattoo (Arm, Right, Nonspecific )
**Last Reported Address:** 2508 E Platte Av No 109 , Colorado Springs , CO 80907
**Aliases/Nicknames:**
**Comments:**



**Felony Conviction**
Failed to Register

**Tip Line**
To report the possible location of an offender who has failed to register, please call
303-239-5732
or call your local law enforcement agency.

Return to list

SEXUALLY VIOLENT PREDATOR | MULTIPLE OFFENSES |
FAILED TO REGISTER | FELONY CONVICTION

HOME | STATUTES | DEFINITIONS | COMMUNITY NOTIFICATION
| SEXUAL OFFENDING FACTS | SEX OFFENDER REGISTRATION
| LINKS

25

Exhibit-B-6

## MONTGOMERY POLICE DEPARTMENT
## SUPPLEMENTARY OFFENSE REPORT

06-007731

| Victim Name as on Original Report:<br>(Last, First, Middle) | | Date,<br>Time of Offense: | Date,<br>Time of Supplement: |
|---|---|---|---|
| State of Alabama | | 4/06/06 1802 | 5/19/06 |
| Has arrest been made:<br>Yes / No | Date of Arrest: | Offense as Reported: | |
| | | Violation of the Community<br>Notification Act | |
| Has warrant/petition<br>Been signed: Yes / No | Date Warrant/<br>Petition Signed: | Offense after investigation: | |
| | | | |

**COMPLAINT:**

On 4/06/06, this writer received information from that black male David Cooper, DOB 8/23/52, of 362 North Anton Drive, had been arrested for Public Intoxication and placed in the Montgomery City Jail by a Patrol Unit. Cooper's Criminal History check revealed that he is a convicted Sex Offender out of the state of Colorado.

**INTIAL INVESTIGATION:**

On 4/07/06, this writer conducted a Montgomery Police Department computer query and located information on Cooper that indicated that he had been in Montgomery in February 2005. A query of the State of Colorado Sex Offender website revealed that Cooper is a convicted Sex Offender out of that state. He was convicted of Sexual Assault 2nd Degree in 1998. Further inquiry revealed that he was registered as a Sex Offender in the Florida on 2/21/06. From this information and the information that was recovered previously, Cooper had been living in Florida and in Montgomery, AL. He was registered in Florida but failed to register with this agency when he established a residence here.

Based on the information obtained during Cooper's arrest and on the information that was retrieved during the computer query and the fact that Cooper failed to register as a Sex Offender with this agency, a warrant for Violation of the Community Notification Act was secured against Cooper. This warrant was served on Cooper at the City of Montgomery Jail with a hold placed on Cooper for the Montgomery County Detention Facility.

Included in this case file will be copies of the paperwork that was located during this investigation. The following will be included:

  1) Copy of Sex Offender registration from Colorado;

Exhibit-B-7.

2) Copy of Sex Offender registration from Florida;
3) Copy of local arrest activity that shows Cooper was in Montgomery in 2005;
4) Copy of arrest paperwork for the Public Intoxication charge.

Show this case continuing.

| Unfounded | Exc. Cleared | Investigator |
|---|---|---|
| Cleared By Arrest | Inactivated | Cpl M.D. Hall #413 |

9

EXHIBIT-B-8

THU PM

| State of Alabama<br>Unified Judicial System<br><br>Form C-64(a)(front) Rev. 11/92 | **DEPOSITION** | Warrant Number<br><br>Case Number |
|---|---|---|

IN THE ___**MUNICIPAL**___ COURT OF ___**MONTGOMERY,**___ **ALABAMA**
(Circuit, District or Municipal)     (Name of Municipality or County)

☐ STATE OF ALABAMA     [X] MUNICIPALITY OF  **MONTGOMERY**

v.    COOPER, DAVID _____ , Defendant

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE ACCUSED

Name of Accused (or Alias)
COOPER, DAVID      AKA            Telephone Number ( ) -

| Social Security Number<br>082 - 44 - 2746 | Driver's License Number | Date of Birth<br>08 / 23 / 1952 | Age<br>53 | Race<br>**Black** | Sex<br>M |
|---|---|---|---|---|---|

| Height | Weight<br>195 | Hair<br>BLK | Eyes<br>BRO | Complexion |
|---|---|---|---|---|

| Address of Accused | City<br>Montgomery | State<br>AL | Zip |
|---|---|---|---|

Name of Employer
UNEMPLOYED           Employer's Telephone Number ( ) -

| Address of Employer | City<br>Montgomery | State<br>AL | Zip |
|---|---|---|---|

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE OFFENSE

Offense:   PUBLIC INTOXICATION

Date and Time of Offense: 04 /06 / 2006   ⊙ At   ◯ Between   1736    and    hours

Place of Occurrence:   362 N. ANTON DR

Person Attacked or Property Damaged: _____

How Attacked: _____

Did Accused Possess or Use a Weapon?   ☐ Yes     ☐ No    Type: _____

Damage Done or Injuries Received: _____

Value of Property: _____

Details of Offense: _____

ON 4-6-2006 AT APPROXIMATELY 1709 HOURS UNIT 210 (OGLESBY/MASTIN) WAS DISPATCHED TO 362 N. ANTON DR ON A DOMESTIC DISTURBANCE. UPON ARRIVAL THE UNIT MADE CONTACT WITH THE COMPLAINANT, RANSON COOPER (B/M DOB 10-28-40) WHO STATED THAT HIS HOMELESS NEPHEW, DAVID COOPER (B/M DOB 8-23-52) HAD SHOWED UP AT HIS HOUSE AND THREATENED HIM IF HE DID NOT LET HIM SLEEP IN THE YARD. THE SUBJECT HAD WALKED ACROSS THE STREET AND WHEN THE UNIT APPROACHED HIM THEY NOTICED SEVERAL EMPTY BEER CANS IN A BAG THAT HE WAS CARRYING. THE UNIT ALSO NOTICED A STRONG ODOR OF AN ALCOHOLIC BEVERAGE ABOUT HIS PERSON. THIS UNIT HAD COME IN CONTACT WITH THE SUBJECT EARLY AND HAD HIM POUR OUT HIS BEER. THE SUBJECT BECAME VERY UPSET WHEN ASKED ABOUT THE ALCOHOL SAYING THAT HE WISHED THE OFFICERS WOULD JUST PULL OUT THEIR GUNS AND SHOOT HIM IN THE HEAD. THIS UNIT ASKED THE SUBJECET WHERE HE LIVED AT HE STATED HE WOULD HE DIDNT LIVE ANYWHERE. THIS UNIT THEN ASKED THE SUBJECT WAS THERE ANYWHERE FOR HIM TO GO HE THEN STATED HE DID NOT HAVE A HOME. WHEN THE SUBJECT STOOD UP HE STUMBLED AND COULD HARDLEY WALK. HE THEN STATED THAT HE DIDNT HAVE ANYWHERE TO GO AND HE DIDNT HAVE ANYONE TO CALL. THE SUBJECT THE SAID IF WE COULD LEAVE HIM HE WOULD WALK SOMEWHERE AND SLEEP FOR THE NIGHT. AFTER THIS UNIT DETERMINED THAT THE SUBJECT WAS DRUNK AND WAS UNABLE TO WALK WE THEN PLACED THE SUBJECT UNDER ARREST FOR PUBLIC INTOXICATION AND TRANSPORTED HIM TO THE CITY JAIL FOR HIS OWN SAFTEY.

45

EXHIBIT-C

PROCEDURE

Sec.
15-20-33.    Exemptions from article.
15-20-34.    Victim assistance.
15-20-35.    Disclosure of information.
15-20-36.    Name change of offender.
15-20-37.    Construction.
15-20-38.    Rules and regulations.

vices Division: Criminal History Background Information Checks.

23 Ala. Admin. Code 950-1-3-.01 et seq. Department of Youth Services; Approval of Service Providers Who Provide Treatment to Criminal Juvenile Sex Offenders.

REQUIREMENTS.

volume as Article 1, and designated §§ 15-20-20 to 15-20-24, enacted by Act No. 96-793, as Article 2. In the new article Article 1, references to "chapter" should be translated to "article" to conform references to the change of hierarchy un...

NVICTED SEX OFFENDERS.

...otification Act was unconstitutional ...to juvenile sex offender. ...der's mandamus petition seeking ...ement of Act moot. Ex parte C.M., ...898 (Ala.Crim.App.1999). Infants...

...nts claimant satisfied require...ssuance of preliminary injunction ...pplication of state Community No... ...until trial on merits of claim that ...Act following his conviction un... ...tute barring interstate receipt of ...phy was unconstitutional; claim... ...likelihood of prevailing on mer... ...at application of Act without ...rior notice and opportunity to ...d his due process rights, claim... ...irreparable harm not compen... ...netary damages if injunction ...balance of hardships favored ...blic notification would not be, ...g notification for short peri... ...ction and trial on merits. ...F.Supp.2d 1224 (M.D.Ala. ... 138.78

...fect of being classified as ...ated deprivation of liberty

---

**15-20-20**    SEX OFFENDERS    § 15-20-20.1

...der Due Process Clause, and, thus, state ...soner, who had been classified as sex offend... ...pursuant to state notification statute despite ...ver having been convicted of sex crime, was ...tied to due process before state declared ...to be sex offender. Kirby v. Siegelman, ...999, 195 F.3d 1285. Constitutional Law ⬥ ...(2); Prisons ⬥ 13(5)

**Community Notification Act,** as it ap... ...lied to juveniles, unconstitutionally violated a juvenile's right to equal protection of the law. M.W.D., Jr. v. State, 748 So.2d 225 (Ala.Crim. App.1999). Constitutional Law ⬥ 242.1(5); Infants ⬥ 132

**Legislative purpose** in enacting Community Notification Act was protecting public's safety. State v. C.M., 746 So.2d 410 (Ala.Crim. App.1999), rehearing denied, certiorari denied. Mental Health ⬥ 469(1)

## § 15-20-20.  Title of article.

This article shall be known and cited as the Community Notification Act. (Acts 1996, No. 793, p. 1491, § 1.)

## § 15-20-20.1.  Legislative findings.

The Legislature finds that the danger of recidivism posed by criminal sex offenders and that the protection of the public from these offenders is a paramount concern or interest to government.  The Legislature further finds that law enforcement agencies' efforts to protect their communities, conduct investigations, and quickly apprehend criminal sex offenders are impaired by the lack of information about criminal sex offenders who live within their jurisdiction and that the lack of information shared with the public may result in the failure of the criminal justice system to identify, investigate, apprehend, and prosecute criminal sex offenders.

The system of registering criminal sex offenders is a proper exercise of the state's police power regulating present and ongoing conduct.  Comprehensive registration and periodic address verification will provide law enforcement with additional information critical to preventing sexual victimization and to resolving incidents involving sexual abuse and exploitation promptly.  It will allow them to alert the public when necessary for the continued protection of the community.

Persons found to have committed a sex offense have a reduced expectation of privacy because of the public's interest in safety and in the effective operation of government.  In balancing offender's due process and other rights, and the interests of public security, the Legislature finds that releasing information about criminal sex offenders to law enforcement agencies and, providing access to or releasing such information about criminal sex offenders to the general public, will further the primary government interest of protecting vulnerable populations and in some instances the public, from potential harm.  The Legislature further finds that residency and employment restrictions for criminal sex offenders provide additional protections to vulnerable segments of the public such as schools and child care facilities.

Juvenile sex offenders, like their adult counterparts, pose a danger to the public.  Research has shown, however, that there are significant differences between adult and juvenile criminal sexual offenders.  Juveniles are much more likely to respond favorably to sexual offender treatment.  Juvenile

RECEIVED
EXHIBIT-C-1
2007 JAN -3  A 9:47

§ 15–20–21                   CRIMINAL PROCEDURE                    § 15–20–21

offenders have a shorter history of committing sexual offenses. They are less likely to have deviant sexual arousal patterns and are not as practiced in avoiding responsibility for their abusive behavior. Juveniles are dependent upon adults for food and shelter, as well as the emotional and practical support vital to treatment efforts. Earlier intervention increases the opportunity for success in teaching juveniles how to reduce their risk of sexually reoffending. The Legislature finds that juvenile criminal sex offenders should be subject to the Community Notification Act, but that certain precautions should be taken to target the juveniles that pose the more serious threats to the public.

Therefore, the state policy is to assist local law enforcement agencies' efforts to protect their communities by requiring criminal sex offenders to register, record their address of residence, to be photographed, fingerprinted, to authorize the release of necessary and relevant information about criminal sex offenders to the public, to mandate residency and employment restrictions upon criminal sex offenders, and to provide certain discretion to judges for application of these requirements as provided in this article.

The Legislature declares that its intent in imposing certain reporting and monitoring requirements on criminal sex offenders and requiring community notification of the residence and workplace of criminal sex offenders is to protect the public, especially children, from convicted criminal sex offenders. (Act 98–489, p. 933, § 1; repealed by Act 99–572, p. 1283, § 1; added by Act 99–572, p. 1283, § 2; Act 2005–301, 1st Sp. Sess., § 1.)

### HISTORY

**Effective date:**

Act 98–489, which added this section, became effective August 1, 1998. Act 99–572, which repealed and added this section, is effective September 1, 1999.

**Amendment notes:**

The 2005 amendment, effective October 1, 2005, added the final undesignated paragraph.

### CASENOTES

**State's filing of its motion** for a sexual-offender risk assessment before the expiration of probation for juvenile granted youthful offender status operated to toll juvenile's probation. D.B.Y. v. State, 2005 WL 628497 (Ala. Crim.App.2005). Infants ⬅ 69(7)

**Compliance with terms of statute** governing sexual-offender risk assessment was mandatory, rather than discretionary, and thus, trial judge had no authority to release juvenile granted youthful offender status from probation until he underwent sexual-offender risk assessment; statute specifically provided that no juvenile criminal sex offender "shall" be removed from supervision of court until such time as treatment provider had filed risk assessment with court, and mandatory wording of statute was evidence that the Legislature intended that no juvenile sex offender be released from custody until offender underwent assessment. D.B.Y. v. State, 2005 WL 628497 (Ala.Crim.App.2005). Infants ⬅ 69(7)

## § 15–20–21.  Definitions.

For purposes of this article, the following words shall have the following meanings:

(1) ADULT CRIMINAL SEX OFFENDER.  A person convicted of a criminal sex offense, including a person who has pleaded nolo contendere to a criminal sex offense, regardless of whether adjudication was withheld.

(2) CHILD CARE FACILITY.  A licensed daycare center, a licensed child care facility, or any other child care service that is exempt from licensing pursuant to Section 38–7–3.

112

Exhibit - C-2
(1)

B.N. 7743
David Cooper
Date 6-6-06

Dear Chief JUDGE:
This letter is to explain to you my present circumstance regarding a charge which is completely on error on the county District Court part and the Sheriff Department part, Presently I am charge with violation of Community Notification act, and have been in this county Jail Since 4-8-06. I came to montgomery plabama on are about Apr 31, 2006 which that the greyhound bus station here and in Fort Lauderdale FA. will vertify because i am in their computer of information regarding the purchase of a bus ticket from Fort Lauderdale Florida, to montgomery AL. Originally I was charge for Drinking beer and was place in the montgomery City jail which i receive a pay fine and charge later with this charge which I was transfer to this facility. It is impossible because I am not register here Pursuant to the Statute 13A 11-200 which requires me to register within 30 days. So thereforth my 30 days statute time wasn't up, and in order for me to have violated the Community Notification act, I would of had to been register to the Sheriff office pursuant to statute and move some ware without informing the Sheriff office. I was and the greyhound bus station

Exhibit-C-3
(2)

Computer will vertify I purchase a ticket on 3-31-01 to montgomery Ala, which will prove I am not in violation of anything. To register as a Sex offender, I still not in violation of the Statute 13A 11-200 which required me to be in montgomery Al. for 30 days, and infact I was arrested within 6 days of beening in montgomery AL. and I seek my immudiate release becouse this is false imprisonment.

Thank you.

Dainel Cooper 7743

Exhibit-D.

7743
David Cooper
Date 7-12-06.

Dear Internal affairs:

my name is David Cooper booking number 7743, and presently I am confine here at montgomery county Detention Facility. And I Seeks and immediate investigation against the police officer witness who testify against me regarding the preliminary hearing dated 6-9-06, who name at this time name unknown. However she is assigned to investigation Sexual assaults including a violation of Community notification act which I am Charge with. I wish to State that I Came from Ft. Lauderdale Fla. approximately 4-2-06, as the greyhound bus Station will prove if questing because I am on their computer regarding purchasing a ticket 3-31-06 and that I arrive here in monto, AL. on areabout 4-2-06. I was Charge with violation of community notification act Statute 15-20-25 thru 15-20-25-4, truly which doesn't apply to me because i wasn't released from jail or prison. I Further State that the only Statute i had to observe was 13A 11-200 which requires me to register within 30 days, as to which I was only here a few days and not in violation of any thing. This female police officer witness, is in violation of my U.S. Constitution rights as well as the Alabama

(2) Exhibit-D-1

constitutions rights. This police officer witness, spoke to the court regarding a witness, who was not in court, but merely by telephone and confirm his statement as evidence against me at this preliminary hearing, denying me the rights to face the accuser, this is what preliminary hearing are all about, to see whether their enough evidence to bound me over to the grand jury. This police officer witness contribute to violating statute 15-11-6, the right to face the accuser also statute 15-11-7, 15-11-8, as to they fail to examine all witness. There wasn't any probable cause U.S. Constitution four amendment, and six amendment and fourteenth amendment the due process clause, also violations of alabama Constitution Article I. Sec 6 and Section 7, 10. Article II section 2 legislative department is the only people to make laws. I must also mention my case originally comitted was not sexual assault on a child C.R.S. 18-3-405, but C.R.S. 18-3-403 as to the lying false documents which the District attorney office will certify in Colorado Springs CO. including the office of the clerk District court tetmijo ave. I also had got this mess straight out in Fla. also, some one put the wrong information on their computer and these lies being placed on me any where I go. my original charge was second degree sexual assault on a women a class (4) four felony a lesser charge than these lies and court mittimus in Colorado will prove.

(3) Exhibit-D-2

& the judge who Sentence me will also testify to this truth by name DAVID D. Derrish, who know me personally. I also wish to State that police officer witness enter photos of these false Charge as i Say I have told the truth to these unjustify lies which will be proven by these people at my original Charge, I Further State that this police officer witness also violated the alabama Constitution Section 16 16 hor Cruel and unusual Punishment being inflicted including the U.S. Constitution 8 eigth amendment Some thing. This is why I seeks a immediate investigation and regardless of the outcome please send me ist finding in writing. And the accordingly to the alabama Constitution Sec 15-1r9 I was Suppose to be discharge which they forl also to do because of these lies and false Charge of Sexual assault on a Child Colorado Revised Statute C.R.S. 18-3.403.

Montgomry police Dept.          David Crosen, 5742
eternal officers               Date 7-12-06,
320 North Ripley St           Caseno. DC06-1017.
Montg AL. 36104
"Copy made".

Exhibit - E

In District Court

v.                                CaseNo _____

DAVID Cooper
Defendant pro se,          MOTION FOR TRANSCRipT.

Comes now, the defendant, DAVID Cooper, pro se, in
the above style manner, pursuant to it's Statute and
it's rule request a copy of preliminary hearing transcript
date 6-9-06. Defender stated he is indigent see
attached funds Statement. Wherefoth the petitioner
respectfully request a copy of the transcript to him.

David Cooper, 7743
M. C. D.F.
P.O. Box 4599
Monty, AL. 36195
Date 6-20-06.

motion for copies of all
discovery documents and all
photos at preliminary hearing

IN THE COUNTY DISTRICT COURT

Exhibit-E-1

V.

CASE NO DC06-1017

DAVID COOPER
DEFENDANT.

REQUEST FOR FAST AND SPEEDY Trial

Comes now the petitioner DAVID Cooper pro se, in the above Style manner, and pursuant to it's statute and it's rule request a Fast and Speedy trial; petitioner request also get this Speedy trial started the dated of the filing of this action in this honorable court, and that I am indigent without funds to pay filing fees. Done this 25 day of June 2006.

David Cooper, 7743
M.C.D.F.
P.O. Box 4599
Montg, AL 36195

IN THE COUNTY DISTRICT COURT MONTGOMERY, ALABAMA

IN THE COUNTY DISTRICT

PLAINTIFF,

v.

DAVID COOPER
DEFENDANTS PRO SE.

Exhibit-E-2.

CASE NO. DC06-1017.

## MOTION FOR COPIES OF ALL DISCOVERY DOCUMENTS, AND ALL PHOTOS AT PRELIMINARY HEARING.

Comes now the defendants David Cooper pro se, in the above style manner and pursuant to it's statute and or it's rule who truly seek for Motion for copies of all discovery documents and all photos at preliminary hearing. petitioner had a preliminary hearing on 6-9-06, and seek the above information and all copies, and that he is indigent just like he was on all previous motions and requests, and in good faith in accordingly to law, before this honorable Court.

David Cooper, 7743
Defendent pro se petitioner,
M. C. D. F.
P.O. BOX 4599
monty, AL. 36195
Date 7-9-06

STATE OF ALABAMA
  PLAINTIFF,

V.

CASE NO. DC06-1017

DAVID COOPER
  DEFENDANT

PETITIONER, SECOND MOTION FOR TRANSCRIPT

Comes now, the defendant, petitioner, pro se, DAVID Cooper, in the above style manner, pursuant to it's statute and or it's rule, petitioner second motion for transcript. petitioner states he is indigent See a copy attached hereto from his inmate's account which certify he is indigent.

Done this 10th day of Dec, 2006.

David Cooper 7743,
petitioner, pro se
M.C.D.F.
P.O. Box 4599
Montg, AL. 36185

# CERTIFICATE OF SERVICE

I petitioner, David Cooper, has forward a copy of petitioner, Second motion for transcript, and copy of Certificate of Service to the Clerk of the montgomery County District Court montgomery AlaBama,

Done this 10th day of Dec, 2006,

David Cooper 7743
petitioner, pro se,
M.C.D.F,
P.O. Box 4599
monty, AL. 36195

EXHIBIT H

## Montgomery County Detention Facility
# INMATE REQUEST FORM

DATE: 11-2-06    TIME: 9:00 A.M.
NAME: David Cooper    BOOKING # 7743    CELLBLOCK 2A

*Please check ONLY ONE of the following:*

_____ LAUNDRY                    _____ PROPERTY
_____ RECREATION                 _____ VISITATION
✓ CHARGES/BOND INFORMATION       _____ FOOD SERVICE
_____ MAIL                       _____ GENERAL LIBRARY
_____ CANTEEN                    _____ MONEY INFORMATION
                                 _____ OTHER
                                 Montgomery County District
                                 Court Clerk

*Briefly state your request*

Presently under case no. DC06 1017 I filed numberous motion, in this court, June and July 2006 as to which I received no response from whom or whether you receive them by U.S. mail, out if not I will contact U.S. postage service and puter trace on them, I still am requesting a motion, or transcript of his preliminary hearing held 6-6-06 in District Court, I wait patiently on your response.

### DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

Received back on 11-10-06 stopped by some correctional officers
who is attempting to deceive me about the court system if it has made
it to the District it would of **ACTION TAKEN** have been stamp with their

Sent: Date: 11/7/06        Time: _____

There is no such thing as a (transcript
on a preliminary hearing)

Action Taken by: _____
                    **Signature**

## PLACE THIS FORM IN INMATE HANDMAIL BOX FOR PICK-UP

*Inmate Request Forms will be routed to the appropriate supervisor or administration for disposition.*
*Request Forms will be completed and placed in inmate's file.*
*Inmates will receive a copy when a written response is required.*

Revised 06/

EXHIBIT D

| State of Alabama<br>Unified Judicial System | **WARRANT OF ARREST**<br>(Felonies, Misdemeanors, or Violations) | Warrant Number<br>2006F00567 |
|---|---|---|
| Form CR-58 (front)      Rev. 8/98 | | Case Number |

IN THE _____**DISTRICT**_____ COURT OF ____**MONTGOMERY**____, ALABAMA
<span style="font-size:small">(Circuit, District, or Municipal)</span>   <span style="font-size:small">(Name of Municipality or County)</span>

☒ STATE OF ALABAMA

☐ MUNICIPALITY OF MONTGOMERY v. _____**DAVID COOPER  (000921575A)**_____
<span style="font-size:small">Defendant (NWS Jacket Number)</span>

---

## TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA:

☒ Probable cause has been found on a Complaint filed in the court against (name or description of person to be arrested)

DAVID COOPER

charging the offense of   **VIOLATION OF THE COMMUNITY NOTIFICATION ACT FOR ADULT CRIMINAL SEX**

**OFFENDER** _____ as described in the Complaint.

☐ An indictment has been returned by the grand jury of this county against (name or description of person to be arrested)

charging the offense of _____

_____ as described in the Complaint.

☒ **YOU ARE THEREFORE ORDERED** to arrest the person named or described above and bring that person before a judge or magistrate of this court to answer the charges against that person and have with you then and this Warrant of Arrest with your return thereon. If a judge or magistrate of this court is unavailable, or if the arrest is made in another county, you shall then take the accused person before the nearest or most accessible judge or magistrate in the county of the arrest.

☒ You may release the accused person without taking the accused before a judge or magistrate:

☒ If the accused person enters into a bond in the amount of $ **10,000.00** with sufficient sureties approved by an authorized officer or by depositing cash or negotiable bonds in the amount with the court clerk.
---OR---

☒ If the accused person posts an appearance bond in the amount of $ **10,000.00**

☐ On his or her personal recognizance.

Friday, April 07, 2006  09:54 AM
Date

Judge/Court Clerk/Magistrate/Warrant Clerk

37