IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DAVID COOPER, #7743                    *

     Plaintiff,                          *

           v.                        *          2:07-CV-10-MHT
                                                  (WO)
DELORES R. BOYD,                       *
UNITED STATS MAGISTRATE
JUDGE                                  *

     Defendant.                          *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a prison inmate, brings this action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971),[1] against Delores R. Boyd, a former Magistrate Judge of this court. He challenges actions taken by the former Judge Boyd with respect to civil proceedings filed in *Cooper v. Nichols*, Civil Action No. 2:06-CV-418-MHT (M.D. Ala.). Plaintiff seeks monetary damages against this Defendant. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] Federal courts have analogized *Bivens* claims to claims under 42 U.S.C. § 1983, which require a showing that defendants acted under color of state law to deprive plaintiff of a constitutional right. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978).

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is

**DISCUSSION**

The court has carefully reviewed Plaintiff's complaints concerning various legal proceedings held before this court in Civil Action No. 2:06-CV-418-MHT. The allegations Plaintiff makes against Defendant Boyd relate to matters submitted before her as a referral judge as well as rulings issued by her in her judicial capacity during legal proceedings over which she had jurisdiction.[3]  (Doc. No. 1.)

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).  Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986).  Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or

---

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3]Attached to Plaintiff's complaint are additional pages which contain a discourse pertaining to matters which appear to concern criminal charges currently pending against him in the Circuit Court for Montgomery County, Alabama.  Plaintiff also attaches various exhibits in this regard.  These matters are irrelevant to the allegations made by Plaintiff against Defendant Boyd in the instant action.  If Plaintiff wishes to challenge matters regarding various criminal proceedings pending against him in state court, he may do so by filing a separate civil complaint.

intimation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), quoting *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions, such as the one *sub judice*, filed under *Bivens*. *See Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

A review of Plaintiff's allegations against Defendant Boyd does not compel the conclusion that she acted in the clear absence of jurisdiction. Rather, Plaintiff's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity. In disagreement with the decisions reached at the federal court level, this *pro se* litigant has turned to this forum to assert allegations of allegedly unconstitutional acts against a federal court judge. Because judicial immunity precludes Plaintiff's recovery for monetary damages against Defendant Boyd, dismissal of Plaintiff's complaint against this

3

Defendant under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) is appropriate. *See Neitzke v Williams*, 490 U.S. 319, 327 (1989).

### CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (iii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **January 24, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 12th day of January 2007.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE